**United States District Court**
**District of Massachusetts**

| | |
|---|---|
| **Douglas G. Bezio,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**Pale Horse Realty, LLC,**<br><br>**Defendant.** | **Civil Action No. 25-13702-NMG** |

**MEMORANDUM & ORDER**

**GORTON, J.**

Pale Horse Realty, LLC ("PHR" or "defendant") filed the Pending motion to dismiss alleging that Douglas G. Bezio ("Bezio" or "plaintiff") failed to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6). The complaint at issue here ("*Bezio II*") arises out of Pale Horse Realty LLC v. Bezio et al, 1:22-cv-11710-NMG (D. Mass. 2022) ("*Bezio I*"). In that case this Court allowed the foreclosure and the possession of real property located at 135 Marven Way, Wellfleet, MA ("the Wellfleet Property") on which PHR held a mortgage. *Bezio I*, Docket No. 54. PHR contends that plaintiff's complaint in *Bezio II* is barred by res judicata and that the facts alleged are insufficient to state a claim plausible on its face. For the following reasons, PHR's motion to dismiss will be allowed.

## I. Background

The pending motion arises from the foreclosure of a mortgage held by PHR on the Wellfleet property (the "Bezio Mortgage") to secure a loan of $300,000. While initially assigned to the National Bank of Ohio, the mortgage contract was re-assigned several times before PHR became the holder of record in 2022.

In *Bezio I*, this Court denied the Bezio's motion for summary judgment and allowed PHR's cross-motion for summary judgment which authorized PHR to proceed with the foreclosure and possession of the Wellfleet Property by the statutory power of sale. Following entry of judgment, PHR conducted a foreclosure sale of the Wellfleet Property at which it acquired the property for $150,000 in August 2025. Thereafter, PHR filed an Application for Writ of Assistance to direct the Bezios to vacate the Wellfleet Property and to authorize the United States Marshall Service or local law enforcement to take necessary steps to obtain possession of the property.

This Court granted plaintiff's emergency request in September 2025 and issued a Writ of Assistance. *Bezio I*, Docket No. 73. Bezio filed an Emergency Motion to Vacate the Writ of Assistance ("Motion to Vacate") under Fed. R. Civ. P. 60(b)(1) and 60(b)(5), which this Court denied. He then appealed the

denial to the First Circuit which dismissed it for lack of prosecution.

Since final judgment was entered in *Bezio I* in 2024, Bezio has filed multitude pleadings in Massachusetts state court, Bankruptcy Court, this Court and interlocutory and final appeals with the First Circuit. None of those pleadings to undo the allowance of the foreclosure and possession of the Wellfleet property as ordered by this Court has been successful. Bezio filed identical complaints in *Bezio II* and Southeast Housing Court. The latter case was also removed to this Court and PHR has moved to dismiss both cases.

PHR contends that Bezio's complaint is barred by res judicata because this Court has already rejected the claims proffered by plaintiff in *Bezio I*. Defendant avers, and this Court agrees, that both claim preclusion and issue preclusion prevent plaintiff from adjudicating the present action. Furthermore, even if res judicata did not apply, plaintiff's allegations fail to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

## II. Motion to Dismiss

### A. Legal Standard

To survive a 12(b)(6) motion to dismiss, plaintiff must state a claim that, accepting all allegations as true, is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678

(2009). Plausible means something more than merely possible. Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012). The allegations in the complaint cannot be conclusory, and courts must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Given the history of this case, defendant's motion to dismiss attests that plaintiff's allegations are barred by res judicata. In Massachusetts, res judicata includes both claim preclusion and issue preclusion. Kobrin v. Bd. of Registration in Med., 444 Mass. 837, 843 (2005). When determining the applicability of claim preclusion, courts will evaluate whether: 1) the identity or privity of the parties to the present and prior actions are the same, (2) the identity of the cause of action is the same as the previously litigated cause of action, and (3) there was a prior final judgment on the merits of the claims at issue. Id. When evaluating whether issue preclusion applies, courts will consider whether

> (1) there was a final judgment on the merits in the prior adjudication; (2) the party against whom preclusion is asserted was a party (or in privity with a party) to the prior adjudication; and (3) the issue in the prior adjudication was identical to the issue in the current adjudication.

Id. For issue preclusion to apply, the issue must have been actually litigated in the prior adjudication with the

availability of appellate review. Id; In re Sonus Networks, Inc, S'holder Derivative Litig., 499 F.3d 47, 57 (1st Cir. 2007).

**B. Application**

PHR argues that both claim and issue preclusion prevent Bezio from adjudicating the present action. In his complaint, Bezio alleges that PHR's foreclosure sale of the Wellfleet Property was unreasonable because 1) PHR failed to postpone the sale to consider a third-party offer of $1,800,000, 2) the foreclosure sale price of $150,000 was unreasonably low and 3) PHR should have considered plaintiff's request for a loan modification prior to foreclosure.

PHR contends that claim preclusion applies because the parties to the instant action are the same as in *Bezio I*, and that Bezio raised the same allegations in his Motion to Vacate in *Bezio I*. This Court concurs. In the Motion to Vacate, Bezio attested that the $150,000 foreclosure sale price was grossly inadequate, PHR should have considered the $1.8 million cash offer and argued that it is within the rights of the homeowner to challenge the "irregularities" of the foreclosure sale. *Bezio I*, Docket No. 76. Likewise in this case, Bezio challenges the reasonableness of the same August 2025 foreclosure sale conducted by PHR.

PHR also asserts that issue preclusion applies because the issues raised by Bezio in the present motion arise out of the same transaction and occurrence as, and were essential to the adjudication of, *Bezio I*. In *Bezio I* this Court entered final judgment allowing the foreclosure and the possession of the Wellfleet Property, which required the resolution of Bezio's defenses to that foreclosure. After the foreclosure sale in August 2025, this Court denied Bezio's Motion to Vacate and allowed PHR to take possession of the Wellfleet Property, adjudicating the same issues present here.

Although the reasonableness of the foreclosure sale was not explicitly acknowledged in this Court's denial of the Motion to Vacate, Bezio's claim that the foreclosure sale was irregular because of the low sale price and PHR's failure to consider the $1.8 million cash offer was "subject to an adversary presentation and [the] consequent judgment [that] was not a product of the parties' consent." Jarosz v. Palmer, 436 Mass. 526, 531-32 (2002). Reconsideration of Bezio's loan modification could have and should have been raised in one of his many motions in *Bezio I*.

Bezio does not get second or third bites at the apple with respect to this Court's decision allowing the foreclosure and the possession of the Wellfleet Property and the eviction of the Bezios. Kobrin, 444 Mass. at 843 (claim preclusion "prevents

relitigation of all matters that were or could have been adjudicated in the action”). The Court concludes that the claims in the present action are barred by res judicata.

Even if the claims were not barred, Bezio has failed to allege facts sufficient for the Court to make the reasonable inference that PHR is plausibly liable for an unreasonable foreclosure sale of the Wellfleet Property. PHR conducted a fair foreclosure sale given the status and circumstances of the Wellfleet Property and Bezio’s allegations to the contrary are without merit. The Court concludes that Bezio has failed to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

**Order**

For the foregoing reasons, defendant’s Motion to Dismiss [Docket No. 18] is **ALLOWED**.

**So ordered.**

Nathaniel M. Gorton
Nathaniel M. Gorton
Senior United States District Judge

Dated: October 20, 2026